UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KREG L. DAVIS and AURORA H. DAVIS, husband and wife,<br><br>        Plaintiffs,<br><br>v.<br><br>YRROW ON, LLC, a purported Idaho limited liability company; LANCE and AMBER BOYCE, husband and wife; and AINSLEY JARDINE, an individual,<br><br>        Defendants. | Case No. 4:23-cv-00301-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| YRROW ON, LC, a Utah limited liability company, dba Yrrow On, LLC,<br><br>        Counter-plaintiff,<br><br>v.<br><br>KREG DAVIS, an individual,<br><br>        Counter-defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Ainsley Jardine's ("Jardine") Motion for Summary Judgment (Dkt. 25) and Plaintiffs Kreg and Aurora Davis's Motion to Deny or Defer Defendants' Motion for Summary Judgment and Continue Discovery under Federal Rule of Civil Procedure 56(d) ("Motion to Continue") (Dkt. 28).

Having reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Davises' Motion to Continue and WITHOLDS ruling on Jardine's Motion for Summary Judgment at this time.

## II. BACKGROUND

This dispute revolves around a construction contract between the Davises and the Boyces—the owners and operators of Yrrow On, LLC. In April 2022, Kreg Davis contracted with Lance Boyce for the construction of a luxury home in Big Sky, Montana. Under the terms of the contract, the Davises would pay the costs of construction plus a 20% contractor fee, due periodically to Yrrow On. The invoices provided to the Davises "usually included subcontractor and materials suppliers' invoices in support thereof." Dkt. 3, at 3.

The Davises alleges that during construction, Yrrow On altered subcontractor invoices, increasing the amount charged to the Davises in violation of their contract. In addition, the Davises assert that the Boyces used excess materials purchased for the construction of the Davises' home on other projects without providing reimbursement; removed equipment and materials paid for by the Davises from the job site; refused to return the key to the Davises' subdivision upon request; and dumped garbage in the

MEMORANDUM DECISION AND ORDER - 2

Davises' driveaway. Upon discovery of the purportedly altered invoices, the Davises terminated Boyce as general contractor for their construction project. The Davises claim to have undertaken an audit to discover the degree of harm caused by Yrrow On's purported actions, but assert the damage is in excess of $75,000. Dkt. 1, at 4.

Jardine is the Boyce's daughter. The Davises bring two causes of action against Jardine: (1) unjust enrichment and detrimental reliance; and (2) fraud. Dkt. 3, at 5-6. Jardine moved for summary judgment under Federal Rule of Civil Procedure 56 and District of Idaho Civil Rule 7.1, arguing that the record does not support the claims made against her and that accordingly, they should be dismissed. *See* Dkt. 25-2. In support of her argument, Jardine points out that she was not a party to the construction contract and contends that "aside from a few emergent delivery courtesies" for her mother she was "completely uninvolved in the . . . [p]roject." *Id*. at 2.

In response, the Davises moved for the denial of Jardine's motion for summary judgment or, in the alternative, an opportunity to conduct discovery under Rule 56(d) in aid of their opposition. Dkt. 29. The Davises assert that they have not been able to discover all the facts necessary to mount a reasonable opposition to Jardine's Motion and that certain information relevant to Jardine's involvement in Yrrow On has been withheld. The Davises points out that Jardine's motion for summary judgment was filed early in the litigation "before a complete record has been developed" and that there is information "exclusively in the possession of [the defendants]" pertaining to Jardine's involvement that the Davises seek to obtain. Dkt. 27-8, at 3, 6. This includes "hundreds of BATES pages that were missing or ineligible," and "topics that were not fully disclosed or answered" including

MEMORANDUM DECISION AND ORDER - 3

related contracts, invoices, reports, financial records, and construction network agreements. *Id*. at 11.

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

To be successful on a motion for summary judgment, a party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Unless otherwise ordered by a local rule or court order, parties have 30 days after the close of discovery to motion for summary judgment. *Id*. at 56(b). The initial burden is on the moving party to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983).

#### B. Motion to Continue

Under Rule 56, a party may submit an affidavit showing that "it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). The court may "defer considering the motion [for summary judgment] or deny it" or "allow time to obtain affidavits or declarations or to take discovery." *Id*.

The party filing a motion under Rule 56(d) bears the burden of demonstrating that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822 (9th Cir. 2008).

"The purpose of Rule 56(d) is to prevent a nonmoving party from being 'railroaded' by a summary motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." *Hollyway Cleaners & Laundry Company, Inc. v. Central National Insurance Company of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

## IV. ANALYSIS

### A. Motion for Summary Judgment

Here, Jardine seeks summary judgment and dismissal of the claims against her under Rule 56. In order to succeed on a motion for summary judgment, "there [must be] no genuine dispute as to any material fact" and Jardine must show that she is entitled to relief. Fed. R. Civ. P. 56(a).

Jardine argues that she had no interest in Yrrow On, and that apart from "two or three brief, isolated incidents" was not involved in the construction project at issue in this lawsuit. Dkt. 25-1, at 4. Jardine points out that it is undisputed that she received no benefit from Yrrow On's work related to the construction project and did not make any fraudulent statements as to its billing practices, arguing that this undermines both the unjust enrichment and fraud claims the Davises bring.

Based on the record currently before the Court, and because there is no material dispute of fact regarding Jardine's involvement, it appears Jardine may be able to succeed and prevail on summary judgment. However, because Davis has submitted a Motion to Continue under Rule 56(d), the Court must undertake to analyze the merits of that Motion

(Dkt. 28) before it can rule with finality on Jardine's Motion.[1]

### B.  Motion to Continue

In response to Jardine's Motion for Summary Judgment, the Davises move the Court to defer or deny ruling on that Motion so that they can obtain additional discovery under Rule 56(d), arguing that it is necessary to obtain the information to oppose Jardine's Motion for Summary Judgment.

To prevail on a Rule 56(d) motion, the Davises must show "(1) . . . [they have] set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Equal Employment Opportunity Commission v. Creative Networks, L.L.C.*, 2011 WL 13119111, at * 2 (D. Ariz. Apr. 8, 2011).

The Davises contend they have "not yet had the opportunity to depose Jardine . . . which would allow Plaintiffs to discover all the facts surrounding Jardine's involvement[.]" Dkt. 29, at 3. Additionally, the Davises argue that certain information, including "documents . . . highly relevant to opposing Jardine's [motion for summary judgment" are in the exclusive control of the defendants and that for this reason, additional discovery is necessary. *Id.* at 4. Some of this information includes topics not fully covered or disclosed in discovery including relevant "invoices . . . change orders, reconciliation reports and records, financial reports" and the Davises persuasively explain why the information they

---

[1] Here, it appears Jardine has satisfied the elements of summary judgment. However, this does not guarantee success. Although the claims against Jardine may be untenable, if supplemented with additional supporting information, Davis could succeed in opposing Jardine's motion for summary judgment.

have thus far is insufficient. Dkt. 27-8, at 11.

The Davises have met their burden showing additional discovery is necessary. First, as required, they have filed an affidavit outlining what information is needed to respond to Defendants' Motion. Specifically, the Davises note the types of additional documents related to Jardine's involvement in Yrrow On (and this project) including related contracts, invoices, reports, financial records not yet disclosed during discovery. Dkt. 27-8, at 11. Second, the Davises have explained that the information exists and is likely within Jardine's custody or control. Third, the Davises have satisfied the Court that these facts are essential to opposing the motion for summary judgment. By way of example, while Jardine claims she only had fleeting involvement with the project at issue in this case, it appears she was involved in endorsing and depositing a check in a bank account for Yrrow On. Dkt. 27, at 4. Whether this is sufficient to keep her in this case remains to be seen. But that is why some discovery is needed to flesh the matter out. The Court would rather take that time now (and potentially dismiss Jardine later) than dismiss her now only to later find out she is involved and then re-open discovery or delay a final adjudication on the merits.[2]

In sum, the Davises' have satisfied their burden and the Court will grant the Motion to Continue. And, as a result of that determination, the Court will withhold judgment on Jardine's Motion for Summary Judgment.

---

[2] Additionally, it appears there are large swaths of already-produced discovery that are incomplete, illegible, or otherwise cannot be reviewed in their current state. At a bare minimum, the Davises should be provided complete and accurate copies of that discovery to ascertain whether it applies to this dispute. Depositions and other written discovery will also help bring this issue into focus for the Court to make a final and accurate ruling.

MEMORANDUM DECISION AND ORDER - 7

## V. ORDER

IT IS HEREBY ORDERED:

1. Defendant Jardine's Motion for Summary Judgment (Dkt. 25) is held in abeyance.

2. Plaintiff's Rule 56(d) Motion to Continue (Dkt. 28) is GRANTED.

DATED: September 3, 2024

David C. Nye
Chief U.S. District Court Judge