UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KREG L. DAVIS and AURORA H. DAVIS, husband and wife,<br><br>           Plaintiffs,<br><br>v.<br><br>YRROW ON, LLC, a purported Idaho limited liability company; LANCE and AMBER BOYCE, husband and wife; AINSLEY JARDINE, an individual; and YRROW ON, LC, a Utah limited company d/b/a THE PRESERVE AT YELLOWSTONE,<br><br>           Defendants.<br><br>YRROW ON, LLC, a Utah limited liability company, dba Yrrow On, LLC,<br><br>           Counter-plaintiff,<br><br>v.<br><br>KREG DAVIS, an individual,<br><br>           Counter-defendant. | Case No. 4:23-cv-00301-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs Kreg and Aurora Davis's Motion for Leave to File a Second Amended Complaint. Dkt. 43. Defendants oppose the motion—at least to a certain degree. Dkt. 44.

Having reviewed the record herein, the Court finds the parties have adequately

presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS Plaintiffs' Motion.

## II. BACKGROUND

The underlying background of this case—a construction dispute—is not particularly relevant to the matter at hand. However, the Court has summarized those facts previously. Dkt. 23, at 2–3; Dkt. 47, at 2–4. What is helpful here is some procedural background.

In June 2023, Plaintiffs Kreg and Aurora Davis (collectively, "Plaintiffs") filed this suit against Yrrow On, LLC, Lance and Amber Boyce, and Ainsley Jardine (collectively, "Defendants").). Dkts. 1, 3. Defendants denied Plaintiffs' allegations and filed a counterclaim. Dkt. 8. As part of their responsive pleadings, Defendants also explained the real party in interest was actually Yrrow On, LC, a Utah limited liability company, and that Yrrow On, LLC was merely a dba ("doing business as") designation in Idaho.

Following informal negotiations between the Court and counsel about this issue, an amended discovery plan was entered. Dkt. 41. A provision therein indicated that the deadline to file any motions to amend had already passed, but outlined Plaintiffs could file a similar motion by August 1, 2024, to "correctly identify Yrrow On, LC as a real party in interest and defendant." *Id*. at 4.

Depositions that occurred in the intervening months confirmed that Yrrow On, LC

should be listed as a Defendant in this case. Interestingly, another entity also entered the picture—"The Preserve at Yellowstone"—as a dba of Yrrow On, LC. Plaintiffs seek to add this dba as a Defendant as well. Finally, deposition testimony also solidified certain factual information which Plaintiffs believe is relevant to their claims.

In sum, as part of the present motion, Plaintiffs seek to add both Yrrow On, LC and The Preserve at Yellowstone as defendants in their Second Amended Complaint. They also seek leave to include additional factual details (and other grammatical changes) in the Second Amended Complaint.

### III. LEGAL STANDARD

Rule 15(a)(2) provides that a court may allow a party to amend a pleading and directs that a court "should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has recognized that "Rule 15 is designed to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Cent. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (cleaned up).

The decision of whether to grant or deny a motion to amend pursuant to Rule 15(a) rests within the sole discretion of the trial court. The four factors that are commonly used to assess the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

# IV. ANALYSIS

## A. Yrrow On, LC

By all accounts, it appears that Yrrow On, LC is a Utah limited liability company with an "LC" description. Idaho does not recognize "LC" designations for business entities. Thus, Yrrow On, LLC is the appropriate dba in Idaho. Both parties generally agree that Yrrow On, LC needs to be named as a Defendant in this case to make the record clear. Thus, that request is granted.

## B. The Preserve at Yellowstone

The addition of "The Preserve at Yellowstone" is, frankly, confusing to the Court. Defendants claim this dba is related to a past Yrrow On, LC project sometimes referred to as The Preserve at Yellowstone. Dkt. 48, at 4. They allege the dba "The Preserve at Yellowstone" was registered in Utah in 2017, but lapsed and expired in 2021 when the actual project was completed. *Id*. Plaintiffs, however, contend there is a current dba in Montana with the same name and that these companies are tied together and should be listed in the pleadings. Dkt. 42-3, at 4.

The Court does not want to include an unnecessary party. That said, it also does not want to preclude a necessary party. At this point, however, it is unclear under which category The Preserve at Yellowstone falls. Thus, the Court will allow the amendment. Doing so is, candidly, the lesser of two evils. The Court does not want to get through discovery only to find out Defendants withheld information for the technical reason that a different dba was in possession of the evidence. It is better to list The Preserve at Yellowstone and not need it, than to have to sort through whether a necessary party was

improperly left out after discovery closes.[1]

### C. New Allegations

Defendants assert the informal negotiations between the Court and counsel—and the Amended Discovery Plan (Dkt. 41) that followed—were not so broad as to allow Plaintiffs an opportunity to add factual allegations to their complaint as they now endeavor to do. In theory, this is correct. The parties previously agreed that:

> The deadline for Motions to Amend pleadings to add new parties or claims is February 1, 2024, except that this deadline for Motions to Amend the pleadings to correctly identify Yrrow On, LC as a real party in interest and defendant, should Plaintiffs determine such addition is necessary, is August 1, 2024.

Dkt. 41, at 4. But the current motion does not seek to add "new parties or claims." It only seeks to add new facts.

To a certain degree, the proposed factual amendments may be unnecessary. Afterall, litigants do not amend their complaint after each deposition in a case or every time new information comes to light. But here, the Court will allow the amendment for two reasons.

First, while Plaintiffs basically agree these amendments were not really part of the prior negotiations, they argue this is why they brought their motion officially under Rule15 and not just pursuant to the prior discovery order. Based on the liberal standard set forth in

---

[1] Defendants contend Plaintiffs may be listing The Preserve at Yellowstone solely for asset purposes—i.e. to have a larger well to draw from in the event they are awarded damages. Because of the interrelated nature of the entities at issue, this very well may be one of the reasons (or even the only reason) Plaintiffs want The Preserve at Yellowstone listed. But that itself is not reason to deny the motion. Defendants also contend their prior agreement only outlined that Yrrow On, LC could be added as a party via amendment. This is true. But it appears The Preserve at Yellowstone was not known to Plaintiffs at the time the Amended Discovery Plan was entered. Dkt. 41. Additionally, as this company appears to be a dba of Yrrow On, LC, an argument could be made that Plaintiffs are still within the confines of the prior agreement. Regardless, the Court will allow the addition.

MEMORANDUM DECISION AND ORDER - 5

Rule 15—and the lack of any prejudice to Defendants—Plaintiffs argue they should be allowed to add these additional facts at this time. Notably, Defendants have not identified *any* prejudice they would suffer because of amendment. In fact, they did not discuss any of the traditional Rule 15(a) factors or argue that any of those factors support denial of Plaintiffs' Motion. Thus, the Court finds Rule 15 weighs in Plaintiffs' favor.

Second, Defendants' position on this entire issue is unclear due to confusing (or erroneous/grammatically incorrect) language in their response brief. Specifically, Defendants state (in full):

> Plaintiffs' [*sic*] do not object to Defendants[2] adding Count 8, which identifies Yrrow On, LC as a party defendant. However, the parties Amd [*sic*] Discovery Plan plainly did not extend the deadline to file a motion to add new claims. Thus, adding new claims at this late stage in the pleadings is not permitted. Nevertheless, However, [*sic*] Plaintiffs object to any and all new factual allegations in the Second Amended Complaint, to the extent such might be construed as adding new claims not asserted in the First Amended Complaint.

Dkt. 48, at 6.

To begin, Count 8 is an alternative pleading adding The Preserve at Yellowstone—and not Yrow On, LC, as a party defendant. Dkt. 43-2, at 14–15. And, insofar as Defendants were against the inclusion of The Preserve at Yellowstone in the first place, the Court would have assumed Defendants would be opposed to the addition of Count 8.[3]

Next, Defendants assert adding new claims is not permitted at this stage but follow

---

[2] Defendants are either: 1) referring to themselves as Plaintiffs (and Plaintiffs as Defendants) in this paragraph because there are counterclaims at issue in this suit, or 2) this is another typo.

[3] Again, the "doing business as" designations in this case are complicating things. Maybe Defendants meant that Yrrow On, LC could be included, but not The Preserve at Yellowstone. As illustrated in the above-quoted paragraph, Defendants' position is unclear.

MEMORANDUM DECISION AND ORDER - 6

that with "nevertheless" and "however"[4] seeming to indicate they were going to acquiesce to the amendments despite their technical objection pursuant to the prior discovery plan. Yet, Defendants' next sentence is that they, "object to any and all new factual allegations in the Second Amended Complaint," but only to the extent such allegations are construed as new claims. Notably, however, except for the addition of Claim 8—which Defendants appear not to oppose—Plaintiffs' Second Amended Complaint does not add any additional claims.

The Court believes Defendants meant to object to any new claims except Count 8. Considering the Court is allowing the inclusion of Yrrow On, LC *and* The Preserve at Yellowstone, Count 8 may be added. There are no new claims in the Second Amended Complaint beyond that, so Defendants' position is fine in that sense.

It also appears Defendants intended to object to the inclusion of any new facts that might be *construed* as new claims. Again, considering that there are no new claims asserted, any new factual allegations included as part of the Second Amended Complaint are simply support for existing claims and will be permitted.

## V. CONCLUSION

The Court will grant Plaintiffs' Motion and allow the requested amendments. Yrrow On, LC is a proper defendant. And, due to the confusing nature of the relationship between Yrrow On, LC; Yrrow On, LLC; and The Preserve at Yellowstone, the Court will allow

---

[4] Again, the Court assumes Defendants meant to use just one of these two words as they are synonyms, but accidentally left in both.

the inclusion of The Preserve at Yellowstone as a Defendant as well. Finally, the Court will also allow the inclusion of Court 8 and those new facts proposed by Plaintiffs.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Amend (Dkt. 43) is GRANTED. Plaintiffs shall officially file their Second Amended Complaint (Dkt. 43-1)[5] within seven (7) days of the date of this Order.

DATED: December 11, 2024

David C. Nye
Chief U.S. District Court Judge

---

[5] Plaintiffs should make the change they outlined in their errata (Dkt. 44) before officially filing their Second Amended Complaint.

MEMORANDUM DECISION AND ORDER - 8